This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41327

**LIFESTYLE AT RENAISSANCE,**

Plaintiff-Appellee,

v.

**SHERMAINE BROWN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Court Judge**

Moses, Dunn, Farmer & Tuthill, P.C.
Jared A. Armijo
Albuquerque, NM

for Appellee

Shermaine Brown
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant appeals from the district court's order granting Plaintiff's renewed motion to lift the stay on the issuance and execution of a writ of restitution. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition that raises an issue not contained in the docketing statement, which we construe as a motion to amend the docketing statement, and deny. Having duly considered Defendant's memorandum, we remain unpersuaded that Defendant has shown error and we therefore affirm.

**{2}** Our calendar notice recognized that Defendant had raised three issues in her docketing statement: (1) the metropolitan court should have dismissed this case because a prior proceeding, also brought by Plaintiff, had previously been dismissed with prejudice; (2) the underlying case in the district court "was filed too early and needs to be dismissed"; and (3) she did not receive notice of the status hearing that was set on August 22, 2023. [CN 2-4] Defendant's memorandum in opposition contains nothing responsive to our notice of proposed disposition regarding the last two issues. We therefore deem those issues abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (observing that where a memorandum in opposition does not respond to our proposed summary disposition with respect to an issue, that issue is deemed abandoned).

**{3}** In Defendant's memorandum in opposition, she continues to argue that the metropolitan court should have dismissed the case underlying this appeal because of a prior proceeding, which was also brought by Plaintiff, had previously been dismissed with prejudice. [MIO 2] We proposed to affirm on the grounds that the basis for the prior proceeding and the current proceeding was different. [CN 3] Specifically, we explained in our calendar notice that the underlying cause of action in the prior proceeding was based on nonpayment of rent and filed in January 2023, while the current proceeding was based on nonpayment of rent and filed in April 2023. [CN 3] Therefore, different rent payments were at issue. Defendant has not provided us with any new facts, authority, or argument to demonstrate that our proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** Next, to the extent the memorandum in opposition raises a new issue, we construe it as a motion to amend the docketing statement. This Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.3d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{5}** The new issue Defendant raises is an argument that she submitted numerous pages of exhibits that showed rent payments from herself and the assistance she received from other sources including the Santo Domingo Tribal Housing Authority. [MIO 3] We are not convinced, however, that Defendant raises a viable claim. The record proper indicates that the district court considered the exhibits Defendant submitted. [RP 77-80] The district court entered findings of fact that addressed many of the exhibits Defendant submitted, and in many cases, noted that Defendant was unable

to point to any specific error. [RP 77-78, ¶¶ 2-3] The district court stated that "Defendant was non[]responsive to the [district c]ourt's questions and [was] argumentative instead of pointing the [district c]ourt to specific items in her evidence that supported her claim that all her rent was 'paid up.'" [RP 78, ¶ 4] In addition, the district court found that "Defendant or agencies on her behalf made only sporadic payments throughout her tenancy" and that Defendant "did not dispute she failed to consistently make timely payments." [RP 79, ¶ 16] After reviewing all the exhibits, the district court found that there were some "minor errors the [p]laintiff made in the late fees" such that it entered a conditional judgment to allow Defendant an opportunity to cure and stated that if Defendant paid the judgment amount "the writ of restitution shall be cancelled." [RP 80] Defendant has not demonstrated, however, that the district court erred when reviewing her exhibits and concluding that Plaintiff was entitled to a judgment for nonpayment of rent and a writ of restitution. Nor did Defendant show the district court that she paid the judgment amount on time such that the writ of restitution should have been cancelled. Accordingly, we deny the motion to amend. *See State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (indicating that if the issue, which the defendant seeks to add to the docketing statement is not viable, the motion to amend will be denied).

**{6}**     For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}     IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**